EBENEZER LANE,  
JOHN C. WRIGHT, } Judges.  
REUBEN WOOD,

---

C. Longworth and others *v.* R. Wolfington and others.

A purchaser of real estate at administrator's sale, if evicted by the heir, entitled to the benefit of the occupying claimant law.

This case was adjourned here for decision from the county of Hamilton. It was an application for the benefit of the occupying claimant laws under the following circumstances. The defendants were in the possession of the premises, which they claimed in virtue of a deed made by the administrators of Israel Ludlow to John Kidd, deceased, from whom they claimed by descent. The plaintiffs had recovered in ejectment upon a title deduced from the heirs of Israel Ludlow. The sale by the administrators hav-

VOL. VI—1                                              1

ing been adjudged void in consequence of the order of sale made by the court of common pleas being held invalid, it was objected, in behalf of the plaintiffs, that the case did not come within any class of cases enumerated in the statute.

V. WORTHINGTON, for the plaintiffs, contended that the parties did not so claim under an adversary title, as to place the defend- ant in a position to claim for improvements under the *statute. He cited 3 Peters, 47; 7 Wheat. 535; 4 Bibb, 466; 3 March, 202; 3 Ohio, 353, 574; 5 Ohio, 497.

STORER, for the defendants, cited Sug. Vend. 482; 1 Vern. 484; 6 Ves. 617; 8 Ves. 327; 1 Sch. & Lef. 115; 1 Wash. 433; Cooke (Tenn.), 298; 1 March, 246, 388; 3 March, 202; 2 Peters, 526; 1 Johns. 277; 17 Mass. 350; 9 Johns. 102; 4 Greenl. 214; Angel on Lim. 85; 3 Ohio, 553; 5 Ohio, 494.

COLLETT, C. J., delivered the opinion of the court:

The law of this state is framed to cover every case where a party is evicted from the possession of lands, which he had im- proved in the faith that he was the owner. In this state lasting and valuable improvements have frequently been made by persons in possession where the title was in another, and where the per- son making the improvements believed the land to be his own. Where this is the case, the party who receives the benefit and ad- vantage of these improvements, upon every principle of equity, ought to compensate him who made them for his labor. The object of the statute is equitable, and may justly claim a liberal construction.

The cases provided for by the statute are of different classes. 1. Where the party in possession, and to be evicted, can show a plain and connected title from the records of some public office. 2. A party in possession under such a claimant, by deed, devise, descent, contract, bond, or agreement. 3. All this latter class in possession under a party claiming by deed, duly authenticated and recorded. 4. Where the party in possession claims under a sale on execution against any of the previously enumerated classes. 5. Where the party is in possession under a sale for taxes. 6. Where the possession is under a sale by executors, administrators, or guardians, or under a decree in chancery.

2

The court conceive that two different provisions of the statute embrace the case of the applicants. The administrators conveyed to Kidd, who died in possession, and from him the estate descended to the applicants. Kidd held, and was in possession, under a deed "*duly authenticated and recorded;*" and the applicants hold by descent from him. It is not material that this deed did not, in fact, convey title, in consequence of the invalidity of the order of court upon which it was based. The precise *case contem- [11 plated by the statute is, that where for some cause, though a deed be "*duly authenticated and recorded,*" it fails to convey title. Where the descent is cast under such a deed, the heir is let in to the benefit of the statute, though the ancestor could not have been. And this is but following, in a degree, the common law rule, that varied the remedies against the actual disseizor, and one in under him by descent.

In express terms, the benefit of the statute is extended to persons in possession, under a sale and conveyance made by executors or administrators. Here again, the sale and conveyance must be inoperative, before a case is made for the statute to act upon. It is not maintained but that the statute would apply were the applicants evicted under a distinct title, adverse and superior to that of Ludlow, for whose heirs the recovery is had. But it is insisted that a recovery against them, upon the same title they claim, is not embraced by the statute. The court are of a different opinion. The case is plainly within the terms of the statute, and as plainly within the wrong it was intended to remedy. The application is sustained.